## ORNSTEIN v C. & O. RR. Co

Ohio Appeals, 2nd Dist, Franklin Co
No 1980. Decided Oct 30, 1930

Stuart R. Bolin and John H. Cooper, both of Columbus, for Ornstein.

Wilson & Rector, Columbus, for Railroad.

ALLREAD, J.

A petition in error has been filed in this court to reverse the judgment of the Court of Common Pleas holding that the decision of the Probate Court upon the preliminary questions is not a final order or judgment.

The case has been argued in this Court upon said motion and also as to the jurisdiction of this Court to review the judgment of the Court of Common Pleas in dismissing the petition in error in that Court.

An able brief has been filed on behalf of the plaintiffs in error.

A similar brief has been filed by defendant in error.

We have considered all the questions and have reached the conclusion that this Court is bound by the decision of the Supreme Court in the case of **Railroad Company vs. Todd, 72 Oh St 156.** That decision was rendered in 1905. As we understand the case and in the subsequent proceedings of the

Supreme Court there has been nothing in the Supreme Court to indicate that either the syllabus or opinion of the Todd case is not sound law. It is true this Todd case is not an exactly parallel case. There no effort was made to take up the case from the decision of the Probate Court upon the preliminary questions as a final order of judgment, but there was a question made as to the right of the Court on the petition in error in that case to review the judgment of the Probate Court upon the preliminary questions, and the Court there held that the petition in error was sufficient to require the Court to hear the question made as to the preliminary questions. We think this case is therefore a sufficient authority in favor of the defendants in error in this case.

In a later case, the Supreme Court decided in the case of **Railroad Company v. Traction Company**, reported in **72 Oh St 429**, that

"Although it may not be necessary to file a motion for a new trial at the time of the hearing of the preliminary questions in an appropriation proceeding, under **Section 6420, Revised Statutes,** in order to bring upon the record errors occurring upon such hearing; yet if such errors come within any of the causes for a new trial as defined in section **5305, Revised Statutes,** the aggrieved party may include the same in a motion for a new trial to be filed within ten days after the verdict is rendered in such appropriation proceedings, as provided in **Section 6432, Revised Statutes. Weaver v. Columbus, Shawnee & Hocking Valley Railway Co., 55 Oh St 491,** approved and followed."
"If such motion for a new trial should be overruled, the time for filing a bill of exceptions must be reckoned from the date of the overruling of the motion for a new trial."

In the opinion the Court says:

"A new trial, if granted, goes to the whole case. It must be retried from the beginning and upon all the issues of fact which are involved in the case. This results from the unity of a proceeding in appropriation. It may be that a sharp conflict of testimony has arisen on the preliminary hearing and the defeated party may think that the finding of the Probate Judge is not sustained by the weight of the evidence or that he has not rightly applied the law to the evidence. He need not make a motion for a new trial, then and there, of that part of the case; but he may, and if he desires to do so, properly should, bring the evidence upon the record and all the questions in regard to it, by a motion for a new trial within ten days after the verdict."

It may be stated that the Circuit Court in the case cited held that the decision of the Probate Court upon the preliminary questions was a final order and would not be reviewed upon a petition in error filed after the verdict of the jury and the judgment thereon. The Supreme Court reversed this judgment and the case was remanded for a hearing upon that question.

It is true that there is some conflict in the decisions of lower courts, but this arises largely because of the fact that in many of these cases the objection that error should not be prosecuted on the decision upon the preliminary questions where no final judgment was rendered, was not urged.

In the two cases referred to it is held expressly that here a final judgment is rendered upon the preliminary questions in favor of the defendant a petition in error based thereon can be prosecuted in the higher courts, but if the decision upon the preliminary questions is such as to leave the corporation a right to proceed further, it is not a final judgment. This is the law as we understand it according to the decisions of the Supreme Court of Ohio in the two cases above referred to.

We, therefore, hold that this court has no jurisdiction to stay further proceedings in the probate court.

This being the only question involved and the case having been fully argued, this court may proceed to final judgment on the petition in error which the court does by affirming the judgment of the Court of Common Pleas dismissing the petition in error for want of jurisdiction.

Counsel for the plaintiff in error having expressed the intention of taking the case to the Supreme Court, the court hereby suspends its judgment for ten days after the entry has been approved and filed for that purpose.

Kunkle, PJ, and Hornbeck, J, concur.