### MILLISON, et v DRAKE, et

Ohio Supreme Court
No 22569.  Decided Feb 11, 1931

For full opinion see 123 Oh St 249 (Oh Bar 3-17-31).

For Court of Appeals opinion see 8 Abs 578.

### ORNSTEIN v CHESAPEAKE & OHIO RY CO

Ohio Supreme Court
No 22594.  Decided Feb 11, 1931

For full opinion see 123 Oh St 260 (Oh Bar 3-17-31).  For Court of Appeals opinion see 9 Abs 157.

### Statement of the Ownership, Management, Circulation, Etc., Required by the Act of Congress of August 24, 1912.

Of The Ohio Law Abstract, published weekly at Norwalk, Ohio, for April 1, 1931.

State of Ohio, County of Huron, ss:

Before me, a Notary Public in and for the State and County aforesaid, personally appeared J. F. Laning, who, having been duly sworn according to law, deposes and says that he is the Business Manager of The Ohio Law Abstract, and that the following is, to the best of his knowledge and belief, a true statement of the ownership, management (and, if a daily paper, the circulation), etc., of the aforesaid publication for the date shown in the above caption, required by the Act of August 24, 1912, embodied in Section 443, Postal Laws and Regulations, printed on the reverse side of this form, to-wit:

1.  That the names and addresses of the publisher, editor, managing editor, and business manager are:

Publisher, The Law Abstract Co., Norwalk, Ohio, Editor S. R. Laning, Norwalk, Ohio; Business Manager, J. F. Laning, Norwalk, Ohio.

2.  That the owner is: The Law Abstract Company, a corporation, and the names and addresses of the stockholders owning or holding one per cent or more of the total amount of stock are:

C. E. Laning, Norwalk, Ohio; M. M. Laning, Norwalk, Ohio; S. R. Laning. Norwalk, Ohio.

3.  That the known bondholders, mortgagees and other security holders owning or holding 1 per cent or more of total amounts of bonds, mortgages, or other securities are:

None.

4.  That the two paragraphs next above, giving the names of the owners, stockholders, and security holders, if any, contain not only the list of stockholders as they appear upon the books of the company, as trustees or in any other fiduciary relation, the name of the person or corporation for whom such trustee is acting, is given; also that the said two paragraphs contain statements embracing affiant's full knowledge and belief as to the circumstances and conditions under which stockholders and security holders who do not appear upon the books of the company as trustees, held stock and securities in a capacity other than that of a bona fide owner; and this affiant has no reason to believe that any other person, association or corporation has any interest direct or indirect in the said stock, bonds, or other securities than so stated by him.

**J. F. LANING, Business Manager.**

Sworn to and subscribed before me this 25th day of March, 1931.

GRACE LEHENTHALER, Notary Public

My commission expires Dec. 6, 1932.